J. Irwin Shapiro, J.
Motion by defendant “ for an order directing that the plaintiff submit himself to a physical examination to be conducted in accordance with Section 306 of the Civil Practice Act by physicians appointed by the Court at the expense of the defendant.”
The plaintiff is alleged to have been injured while riding as a passenger in a taxi on October 15,1961.
The defendant in its motion papers decries the severity of the injuries claimed to have been suffered by the plaintiff and contends that not only is there “ a serious question as to the alleged injuries in the present case” but that the plaintiff’s doctors themselves are in disagreement.
The moving defendant has had an examination by Doctor Lawrence I. Kaplan and his report, dated July 18, 1962 is annexed to the moving papers.
It appears therefrom that he made a complete and thorough neurological examination of the plaintiff and according to him the plaintiff’s neurological examination “ was completely within normal limits and there are no objective evidences of any cerebral damage.”
The moving defendant contends that ‘ ‘ in view of the conflicting medical testimony and in view of the fact that there is doubt that the plaintiff was even rendered unconscious by the accident and further by reason of the fact that the plaintiff received a head wound in 1954 when a knife penetrated Ms skull, deponent by Civil Prac. Act 306 respectfully requests that a further medical examination of the plaintiff be ordered by this Court.”
Section 306 of the Civil Practice Act pursuant to which this motion is made, in plain and concise language states that: “ In an action to recover damages for personal injuries, if the defendant shall present to the court satisfactory evidence that he is *1093 ignorant of the nature and extent of the injuries complained of, the court, by order, shall direct that the plaintiff submit to a physical examination by one or more physicians or surgeons to be designated by the court or judge ”.
The foregoing section of the Civil Practice Act does not warrant a second or subsequent physical examination merely because the defendant’s doctor disagrees with the findings of the plaintiff’s doctor but authorizes a second or subsequent examination only when the defendant ‘ ‘ is ignorant of the nature and extent of the injuries complained of
In this case the defendant is not11 ignorant of the nature and extent of the injuries complained of ’ ’ but contends that they are in fact nonexistent.
In Yandoli v. Patrina (8 A D 2d 748), the Appellate Division, Second Department, reversed an order of Special Term which had granted a second physical examination because the defendant failed to affirmatively indicate that he was ‘ ignorant of the nature and extent of the injuries complained of” and said: “ There is no such showing on the part of respondent. To the contrary, an examination has been had at respondent’s instance, and he does not claim that that examination has not fully apprised him of the nature of the claimed injuries.”
In this case the defendant seeks a second physical examination of the plaintiff not because it is ignorant of the nature of the injuries complained of but because its doctor contradicts their existence. Such a disagreement is not a basis for a second or subsequent physical examination.
If the defendant may have a second physical examination in this case, and such second examination reveals a disagreement with either the plaintiff’s physicians or its own first physician, it could just as well require a third and fourth physical examination. There is no statutory warrant for such a procedure (Weston v. Sabot, N. Y. L. J., Nov. 20, 1962, p. 17, col. 2; Schnee v. Askin, 1 A D 2d 780; Yandoli v. Patrina, 8 A D 2d 748, supra).
The motion is in all respects denied.